**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ANTHONY BRIAN MALLGREN,    )
                          )
    Plaintiff,            )
                          )
v.                        )        Civil Action No. 1:26-cv-01125 (UNA)
                          )
                          )
UNITED STATES OF AMERICA,  )
                          )
    Defendant.            )

## <u>MEMORANDUM OPINION</u>

Plaintiff, proceeding *pro se*, has filed a Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff, a resident of New York, sues the United States. *See* Compl. at 1. The Complaint is vague and sparse. Plaintiff alleges only that the "United States Patent and Trademark Office have reported that they are unable to find a patent application that was filed in or around 2007." *Id.* at 1. No other supporting facts or context is provided. Plaintiff demands "[s]pecific performance in the government implementing a public blockchain system that provides more integrity in the patenting process." *See id.* at 2.

First, *pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d

661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).   Here, Plaintiff's bare and ambiguous allegations fall well short of providing sufficient notice of any claim.

Second, Plaintiff does not cite to any authority to establish this Court's subject matter jurisdiction, nor is it clear what legal obligation, if any, the United States bears with regarding to his claims.  *See* Fed. R. Civ. P. 12(h)(3). Moreover, this Court is without jurisdiction to, as requested by plaintiff, *see* Compl. at 13–14, direct Defendant to take specific actions. "It is one thing to seek to compel an agency to respond to an administrative complaint within a reasonable time. It is entirely another to seek to control what that response says." *SAI v. Homeland Security*, 149 F. Supp. 3d 99, 109 (D.D.C. 2015).  Put differently, "[u]nder Section 706(1) of the APA [Administrative Procedure Act], a court may at times compel an agency 'to take a *discrete* agency action that is it is *required to take*,' but may not direct '*how* it shall act.'" *Id.* (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphases in original) (internal quotation marks omitted)).  Simply put, Plaintiff has failed to establish that Defendant is statutorily required to take any action, and the Court is without authority to award him the relief he demands.

Accordingly, the Court dismisses the Complaint, and this matter, without prejudice.  An Order consistent with this Memorandum Opinion is issued separately.


DATE: June 1, 2026                              /s/ CHRISTOPHER R. COOPER
                                                United States District Judge